UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO, | Case No. 1:18-cv-00980-LJO-JDP (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS THAT COURT GRANT RESPONDENT'S MOTION TO DISMISS |
| v. | |
| MULE CREEK STATE PRISON WARDEN, | ECF No. 7 |
| Respondent. | ORDER DENYING (1) PETITIONER'S MOTION TO HAVE PETITION DECIDED WITHOUT OBJECTION FROM RESPONDENT AND (2) PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| | ECF Nos. 11, 12 |

Petitioner Richard Kimbro, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent moves to dismiss the case, contending that this courts lacks jurisdiction to grant habeas relief because the petition is an unauthorized successive petition. We recommend that the court grant respondent's motion to dismiss.

**I.    Respondent's Motion to Dismiss**

A federal court must dismiss a successive petition for a writ of habeas corpus that raises the same claims as a prior petition. *See* 28 U.S.C. § 2244(b)(1). The court must also dismiss a successive petition raising a new claim unless the petitioner can show that the claim relies on (1) a new rule of constitutional law that applies retroactively or (2) a new fact not previously

1

discoverable through due diligence. 28 U.S.C. § 2244(b)(2)(A)-(B). A court of appeals, not a district court, decides whether a successive petition meets these requirements. Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*See also Felker v. Turpin*, 518 U.S. 651, 656-57 (1996); *Nevius v. McDaniel*, 104 F.3d 1120, 1121 (9th Cir. 1996). Failure to obtain authorization from the appropriate court of appeals is a jurisdictional defect, and a district court presented with an unauthorized successive petition must dismiss it for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Here, petitioner challenges his sentence imposed by the Mariposa County Superior Court for his 2005 conviction for various sex offenses against children. *See generally* ECF No. 1; *People v. Kimbro*, No. F048126, 2006 WL 2059614 (Cal. Ct. App. July 25, 2006). Petitioner has sought federal habeas relief from this court in the past, challenging the same 2005 judgment. *See Kimbro v. Warden at High Desert State Prison*, No. 1:08-cv-1509 (E.D. Cal. filed Oct. 6, 2008); *Kimbro v. Warden R. Subia*, No. 1:07-cv-921 (E.D. Cal. filed Jun. 13, 2007). The first habeas petition, which the court dismissed without prejudice for petitioner's failure to exhaust, does not make subsequent petitions successive. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Kimbro*, No. 1:07-cv-921, ECF No. 26. The second habeas petition, however, was dismissed as untimely, and that dismissal constitutes a "permanent and incurable" bar that makes subsequent petitions successive. *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Kimbro*, No. 1:08-cv-1509, ECF No. 32. Petitioner is challenging the same judgment he challenged in a prior petition that was dismissed as untimely, so the petition in this case is successive. Petitioner has not obtained authorization from the Ninth Circuit to proceed on a successive petition.

Petitioner does not deny that his petition in this case is successive or that he has not obtained authorization from the Ninth Circuit, but he opposes respondent's motion to dismiss, arguing that that the motion is untimely. ECF No. 13 at 1-2. He is mistaken. The court ordered a response to the petition on September 4, 2018, and set a sixty-day deadline for the response.

ECF No. 4 at 1-2. The sixty-day period ended on November 3, 2018. Because November 3, 2018, was a Saturday, respondent had until the next business day, Monday, November 5, 2018, to respond to the petition. *See* Fed. R. Civ. P. 6(a)(1)(C). Respondent's motion to dismiss was filed on Monday, November 5, 2018, so it was timely. Moreover, a federal court has an independent duty to examine its jurisdiction, and that duty requires the court to resolve any issue on subject matter jurisdiction even without any objection from a party. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1036 (9th Cir. 2013).

The petition is successive, and petitioner has not obtained authorization from the Ninth Circuit to proceed on a successive petition. We therefore lack jurisdiction and must dismiss the case.

**II.     Petitioner's Motion to Have Petition Decided without Objection from Respondent**

Petitioner asks that the court decide the petition without any objection from respondent. ECF No. 11. He repeats the same argument that respondent's motion to dismiss is untimely. Again, respondent's motion is timely, and any delay cannot overcome the jurisdictional defect. Petitioner's request is denied.

**III.    Petitioner's Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel. ECF No. 12. We will deny petitioner's motion.

Under 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel for a "financially eligible" petitioner if "the interests of justice so require." A habeas petitioner is financially eligible for counsel if he cannot afford counsel. *See generally* Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b). The "interests of justice" standard is a context-specific inquiry, *Martel v. Clair*, 565 U.S. 648, 663 (2012), and no bright-line rule exists, but courts have denied motions for counsel in cases that present no likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

We will deny petitioner's motion for counsel because this case presents no likelihood of success on the merits. Petitioner raises three habeas claims: (1) the state trial court unlawfully sentenced him to fifteen years to life, which exceeded the maximum sentence of eight years under

the applicable sentencing scheme; (2) the prosecutor lied to petitioner before entering into a plea agreement by stating that a sentence of fifteen to life was mandatory; (3) petitioner received ineffective assistance of counsel because his trial attorney agreed with the prosecutor that fifteen years to life was mandatory. ECF No. 1 at 6-12, 19-25. All three claims depend on petitioner's belief that he was not subject to a mandatory minimum sentence of fifteen years to life, but he is mistaken.

Under the version of California Penal Code Section 667.61(b) that was applicable to petitioner's sentencing,[1] a criminal defendant was subject to a mandatory minimum sentence of fifteen years to life if two conditions were satisfied: (1) the defendant was convicted of one of the qualifying offenses listed under Section 667.61(c); and (2) one of the circumstances listed under Section 667.61(e) existed. As for the first condition, lewd and lascivious conduct with a child under the age of fourteen was a qualifying offense unless the defendant qualified for probation under Section 1203.066(c). *See* Cal. Penal Code § 667.61(c)(7). Under Section 1203.066(c), the defendant could qualify for probation only if he had satisfied numerous conditions, including that probation would be in the best interest of the child. As for the second condition, being convicted of lewd and lascivious conduct with a child under the age of fourteen against more than one victim established one of the listed circumstances. *See* Cal. Penal Code § 667.61(e)(5).

Here, petitioner was subject to a mandatory minimum sentence of fifteen years to life. He was convicted of a qualifying offense after pleading guilty to six counts of lewd and lascivious conduct with a child under the age of fourteen. *See* ECF No. 1 at 36; *Kimbro*, 2006 WL 2059614, at *1. Obtaining probation would have been difficult: petitioner had admitted that he had molested his young step daughters, and the trial judge stated at sentencing that it was "appropriate to remove [petitioner] from society" so that he would place "no children" in danger. ECF No. 1 at 68. Because petitioner had admittedly molested two young victims, the multiple-victim circumstance applied as well. Indeed, as one state court has noted, petitioner would have

---

[1] The pertinent statutory provisions have been amended, so we rely on the versions applicable at sentencing. In any event, for our purposes, the text has not changed in any meaningful way. *See* Cal. Penal Code § 667.61(b).

4

faced an aggregate term of ninety years to life had he not entered into a plea agreement.  *Kimbro*, 2006 WL 2059614, at *5.  The sentence petitioner received was the bare minimum.

Given these circumstances, we cannot say that this case presents a likelihood of success for petitioner.  Petitioner's motion for appointment of counsel is denied.

### IV.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find our decision debatable or conclude that the petition should proceed further.  Thus, the court should decline to issue a certificate of appealability.

### V.      Order

1. Petitioner's motion to have his petition decided without objection from respondent, ECF No. 11, is denied.
2. Petitioner's motion for appointment of counsel, ECF No. 12, is denied.

### VI.     Findings and recommendations

We recommend that the court grant respondent's motion to dismiss, ECF No. 7, and decline to issue a certificate of appealability.

We submit the findings and recommendations to the U.S. District Court Judge who is assigned to the case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the

findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: \_\_\_August 5, 2019\_\_\_   _____
UNITED STATES MAGISTRATE JUDGE

No. 202